UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| DORIS GAW and TREVOR MILLER, | ) | |
| Co-personal Representatives of the | ) | |
| ESTATE OF SCOTT L. TURNER, Deceased | ) | |
| | ) | |
| *Plaintiffs,* | ) | |
| | ) | |
| *vs.* | ) | |
| | ) | |
| THE STATE OF INDIANA, | ) | 1:13-cv-0261-JMS-DKL |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| CORIZON, INC., | ) | |
| PENDLETON CORRECTIONAL FACILITY | ) | |
| c/o Keith Butts, | ) | |
| PENDLETON CORRECTIONAL FACILITY | ) | |
| c/o Wendy Knight, | ) | |
| SAMUEL KOBBA, APN, | ) | |
| JILL GALLIEN, MD, | ) | |
| NOE MARANDET, MD, | ) | |
| DIANA L. FARRIS, RN, | ) | |
| DIANE ELROD, DO, | ) | |
| STEVEN CONANT, MD, | ) | |
| TRACY L. PROFITT, DON, and | ) | |
| CORRECTIONAL MEDICAL SERVICES, INC. | ) | |
| | ) | |
| *Defendants.* | ) | |

## <u>ORDER</u>

Presently pending before the Court is a Motion to Dismiss, [dkt. 7], filed by Defendants the State of Indiana, the Indiana Department of Correction, and Pendleton Correctional Facility, which the Court **GRANTS** for the reasons that follow.

## I.
### STANDARD OF REVIEW

The Federal Rules of Civil Procedure require that a complaint provide the defendant with "fair notice of what the…claim is and the grounds upon which it rests." *Erikson v. Pardus,* 551 U.S. 89, 93 (2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  In re-

viewing the sufficiency of a complaint, the court must accept all well-pled facts as true and draw all permissible inferences in favor of the plaintiff. *Active Disposal Inc. v. City of Darien,* 635 F.3d 883, 886 (7th Cir. 2011).  A motion to dismiss asks whether the complaint "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 129 S. Ct. 1937, 1949 (2009) (*quoting Twombly*, 550 U.S. at 570).  The Court will not accept legal conclusions or conclusory allegations as sufficient to state a claim for relief. *McCauley v. City of Chi.,* 671 F.3d 611, 617 (7th Cir. 2011) (citing *Iqbal*, 129 S.Ct. at 1951). Factual allegations must plausibly state an entitlement to relief "to a degree that rises 'above the speculative level.'" *Munson v. Gaetz*, 673 F.3d 630, 633 (7th Cir. 2012).  This plausibility determination is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (*quoting Iqbal*, 129 S.Ct. at 1950).

## II.
### BACKGROUND

The factual allegations contained in the Complaint are as follows.  In 2009, Mr. Scott Turner was an inmate in the Indiana Department of Correction.  [Dkt. 1-1 at 1.]  During that time, in September 2009, Mr. Turner was given a blood test and tested positive for Hepatitis C. [*Id.*]  Mr. Turner was never informed of his hepatitis status or treated for his illness while imprisoned, though he showed signs of hepatitis throughout 2010 and 2011.  [*Id.*]  In August 2011, Mr. Turner completed his sentence and was released from prison, at which point his symptoms worsened.  [*Id.*]  Mr. Turner first learned of his condition at this time, after diagnosis and treatment by Indiana University Health.  [*Id.* at 1-2.]  Despite treatment, Mr. Turner died on January 10, 2012 from Hepatitis C.  [*Id.* at 2.]

### III.

#### DISCUSSION

Plaintiff Scott L. Turner, through the co-personal representatives of his estate, Doris Gaw and Trevor Miller ("Mr. Turner's Estate"), has sued, among others, the State of Indiana, the Indiana Department of Correction ("DOC"), and Pendleton Correctional Facility (collectively, "the State Entity Defendants").  Mr. Turner's Estate alleges that (1) the State Defendants were negligent in providing medical care for Mr. Turner and that (2) they were deliberately indifferent to Mr. Turner's positive hepatitis test results in violation of his constitutional rights under state and federal law.  [*Id.* at 2.]  The State Entity Defendants request dismissal of the claims brought under 42 U.S.C. § 1983.  [*Id.*]  This is the sole argument raised in the instant motion.

**A.  Mr. Turner's Estate's § 1983 Claim**

Mr. Turner's Estate alleges that the State Entity Defendants are liable under § 1983 because they failed to treat Mr. Turner for his hepatitis or inform him of his hepatitis status.  A cause of action may arise under § 1983 from deliberate indifference to the health and safety of prisoners, which constitutes cruel and unusual punishment under the Eight Amendment.  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). [1]  In support of their Motion to Dismiss, the State Entity Defendants argue that they cannot be sued under § 1983 because they are state entities that can only be sued in an official capacity.

The Eleventh Amendment reaffirms that under the constitutional principle of sovereign immunity, states are immune from suit in federal court for damages or equitable relief without their consent.  *Hans v. Louisiana*, 134 U.S. 1 (1890).  Section 1983 was never intended to override the Eleventh Amendment.  *Quern v. Jordan*, 440 U.S. 332, 342 (1979) (holding that 42

---

[1] The Court need not discuss the elements of a claim of deliberate indifference. The State Defendants cannot be sued for damages under § 1983 because they are not "persons" for purposes of § 1983 lawsuits.

U.S.C. § 1983 does not override states' Eleventh Amendment immunity).  Instead, § 1983 allows a plaintiff a cause of action if a "person" (1) subjected the plaintiff to conduct that occurred under the color of state law and (2) that conduct deprived the plaintiff of rights or liberties guaranteed by the Constitution or federal law.  42 U.S.C. § 1983.

> Section 1983 provides, in relevant part:
>
> Every *person* who, under the color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983 (emphasis added).

As the State Entity Defendants correctly point out, neither states nor their officials sued in their official capacities are "persons" under § 1983.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  "[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office."  *Id.*  Though the court in *Will* did not specifically discuss the application of the holding to state agencies, the court noted that the decision applies "only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes."  *Will,* 491 U.S. at 70.  A state agency was a party to the case in *Will*, and the court did not distinguish the agency from the state in its holding.  Therefore, the court implicitly held that a state agency is an "arm of the State" for purposes of § 1983.

Although Mr. Turner's Estate alleges that the State Entity Defendants are liable under § 1983 for Mr. Turner's injuries, [dkt. 1-1 at 2], none of those three actors can be liable under that statute.  First, neither the state nor its agencies are "persons" under § 1983.  *Will,* 491 U.S. at 70-71.  The DOC is an agency of the State of Indiana.  *See* IND. CODE Title 11 (establishing the In-

diana Department of Correction).[2]  Further, though municipalities are "persons" under § 1983, *Monell v. Dep't of Soc. Services of City of New York*, 436 U.S. 658 (1978), the DOC of Indiana is a state entity and not a municipality or other local governmental entity.  *Moore v. Ind.*, 999 F.2d 1125, 1128-29 (7th Cir. 1993).  Third, Pendleton Correctional Facility and its employees are an extension of the DOC.[3]

The Plaintiff's Response in Opposition to the State Defendants' Motion to Dismiss addresses only the state law negligence claims against the State Entity Defendants.  [Dkt. 14.]  It does not address the arguments presented in the Motion to Dismiss that the State Entity Defendants are not "persons" under § 1983.  [*Id.*]  Indeed, any argument would be unavailing; the law is clear.  The State Entity Defendants cannot be sued for damages under § 1983 because they are not "persons" for purposes of § 1983 lawsuits.  *Will*, 491 U.S. at 70-71.  Accordingly, Mr. Turner's Estate's federal constitutional claims against the State of Indiana, the DOC, and Pendleton Correctional Facility under § 1983 are dismissed.

## IV.
### CONCLUSION

For the foregoing reasons, the Court **GRANTS** the State Entity Defendants' Motion to Dismiss, [dkt. 7], with regard to the federal constitutional claims brought against the State Defendants**.**   Any state law claims against those defendants are not affected by this ruling.

05/22/2013

*Jane Magnus-Stinson*

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

---

[2] The Indiana State Legislature established the Indiana Department of Correction within the executive branch of the state government. IND. CODE § 11-8-2-1 (2012).

[3]  *Facilities*, *Indiana Department of Correction*, STATE OF INDIANA, http://www.in.gov/idoc/2861.htm (last visited May 21, 2013). Correctional police officers are appointed by the Commissioner of Corrections. IND. CODE § 11-8-9-1 (2012).

**Distribution via ECF only to counsel of record.**